**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| Ren F. Duarte, Psy. D., Inc. | ) | | |
| | ) | | |
| | ) | No. _____ |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| Medicare, and CoventBridge Group, | ) | | |
| | ) | | |
| | ) | | |
| Defendants. | ) | | |

## COMPLAINT

NOW COMES, the Plaintiff, Ren F. Duarte, Psy. D., Inc., by and through its attorneys, Kelly & Bracey Law Offices, and in complaining of the Defendants, Medicare and CoventBridge Group, alleges and states as follows:

## PARTIES

1. At all times material hereto, Plaintiff, Ren Duarte Psy. D., Inc., principal place of business in Cook County, Illinois, was contracted to preform professional services for patients at the expense of the Defendant Medicare for psychological services.

2. Medicare is a federally funded medical insurance program and government entity intended for the elderly and disabled.

3. CoventBridge Group is a contractor retained to process, investigate and review claims according to Medicare rules and regulations.

## VENUE

4. Venue is proper within the United States District Court for the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. Sec. 1391(a)(2).

## GENERAL ALLEGATIONS OF FACT

5. From November 7th, 2019, through June 26, 2023, Ren F. Duarte, Psy. D., Inc., provided psychological services to patients at numerous locations throughout the Chicagoland area during the COVID-19 public health emergency.

6. In November 2019, Medicare suspended payments to Ren F. Duarte, Psy.D. based on an unrelated pending healthcare fraud case concerning services rendered in 2017, despite Dr. Duarte continuing to provide services during this period.

7. Beginning on October 1st, 2019, an audit of Dr. Duarte's Medicare billing was initiated, and continued, covering the period from November 7, 2019, through June 26, 2023; Dr. Duarte did not receive an opportunity to meaningfully participate in the audit process due to his legal circumstances during the audit.

8. From September 2023 through March 2024, Dr. Duarte was incarcerated, which severely hindered his ability to communicate with counsel, access records, or participate in any Medicare-related audits, investigations, or appeal processes.

9. During his incarceration, Dr. Duarte did not have full access to email, telephonic communication, or legal documents necessary to respond to CoventBridge's audit or to meet critical deadlines, including the given rebuttal period following a demand letter dated December 28, 2023.

10. During the relevant period, Dr. Duarte lacked access to key patient records held by third parties, such as nursing homes and billing companies, and was unable to obtain those records despite instructing counsel to do so.

11. CoventBridge conducted its audit of Dr. Duarte's claims during his incarceration, and without his full participation or the ability to provide adequate supporting documentation, resulting in a 100% denial rate of the claims reviewed.

12. This resulted in Dr. Duarte's financial resources being significantly constrained due to the Medicare payment suspension and closure of business bank accounts, which further hindered his ability to hire effective legal representation and respond to the audit findings.

13. The COVID-19 pandemic caused delays in the legal proceedings against Dr. Duarte, further impacting his ability to focus on and respond to the Medicare audit during critical stages of the process. The audit process, conducted without Dr. Duarte's meaningful participation, and in the absence of critical records and effective legal representation, deprived Ren F. Duarte, Psy. D., Inc. of due process as protected under the Fifth Amendment.

14. Ren Duarte is the sole owner of Ren F. Duarte, Psy. D., Inc.

15. At all times relevant hereto, Ren F. Duarte was licensed to provide psychological services in Illinois.

16. In 2024, National Government Services, a Medicare contractor responsible for processing claims, issued a Form 1099 reflecting that $571,666.75 was paid to Ren F. Duarte, Psy.D.

17. Plaintiff has not received any such payments.

18. Dr. Duarte was later informed by Medicare agents via phone that an account had been established to hold Medicare payments withheld during the suspension period.

19. However, documentation or transaction records related to this account have yet to be provided to Plaintiff or his representatives following request.

20. Plaintiff requested the investigation to be reopened but received no response from Defendants.

## <u>VIOLATION OF DUE PROCESS CLAIM</u>

21. Dr. Duarte provided medical services as contracted with Medicare from November 7, 2019, through June 26, 2023, and submitted the resulting claims to Medicare for reimbursement .During this period,

22. CoventBridge, acting as a Medicare claims investigator, conducted an audit of those claims while Dr. Duarte was incarcerated, rendering him unable to participate in the audit process in any meaningful way. As a result of his inability to provide documentation or respond to inquiries, 100% of the claims reviewed were denied.

23. Dr. Duarte's, inability to contribute and respond to the Medicare audit during critical stages of the process and the absence of critical records and effective legal representation, deprived Plaintiff of due process as protected under the Fifth Amendment.

24. Plaintiff was entitled to due process in this matter. The right to due process is a fundamental principle firmly embedded in both our legal and healthcare systems. This protection is underscored by the Fifth Amendment to the United States Constitution, which prohibits the government from depriving any individual of life, liberty, or property without due process of law.

25. Dr. Duarte was denied his constitutional right to due process when he was excluded from meaningful participation in the Medicare claims investigation proceedings conducted by CoventBridge, Medicare's designated contractor.

26. His incarceration did not abrogate his entitlement to due process under the law.

27. As a provider of mental health services, Plaintiff remained entitled to equal protection and the opportunity to respond to inquiries, present evidence, and defend against the denial of payment for services rendered.

28. Plaintiff exhausted any and all administrative remedies because Ren Duarte was incarcerated during significant stages of the subject investigation.

29. When Dr. Duarte requested re-opening of the investigation and records regarding accounts where money was deposited or withdrawn, Plaintiff received no response from Defendants.

30. The failure to afford Plaintiff such an opportunity resulted in significant harm to its business.

**CONCLUSION**

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment in his favor and Order that Defendants re-open the investigation regarding Medicare's overpayment to Plaintiff and any other relief the Court deems fair and just.

Respectfully submitted,

/s/ Michael G. Kelly

_____

Kelly & Bracey Law Offices
77 W. Washington St. #1415
Chicago, IL 60602
Mkelly@kellybraceylaw.com
IL ARDC NO. 6273989
(312)4459500