IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REN F. DUARTE, PSY. D., INC.<br><br>Plaintiff,<br><br>v.<br><br>ROBERT F. KENNEDY JR., Secretary of the, Department of Health and Human Services,<br><br>Defendant. | ) | Case No. 25 C 12460<br><br>Judge Robert W. Gettleman |

**MEMORANDUM OPINION & ORDER**

Plaintiff Ren F. Duarte is a psychologist based in the Chicago area. Plaintiff's amended complaint alleges that defendant Robert F. Kennedy Jr., in his capacity as Secretary of the U.S. Department of Health and Human Services, violated plaintiff's right to due process by denying his claims for Medicare reimbursement and refusing to re-open an investigation into the denied reimbursement. Defendant moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction (Doc. 35). For the reasons below, the courts finds that it lacks subject matter jurisdiction and dismisses the complaint.

**BACKGROUND**

This is a case about the availability of judicial review for Medicare claims. In 2019, Medicare suspended its payments to plaintiff because he was credibly accused of fraud. The payment suspension period concluded at the end of 2023. According to the complaint, plaintiff continued to provide medical services during the suspension period and submitted the resulting claims to Medicare for reimbursement. Defendant informed plaintiff that he had been overpaid in the amount of $567,129.00 and that Medicare would seek to recoup that amount from plaintiff.

Plaintiff exercised his right to appeal the overpayment notice. In 2024, plaintiff submitted a rebuttal to the overpayment notice and requested a redetermination. Later that year, defendant upheld its overpayment determination. The letter informing plaintiff that the overpayment determination had been upheld explained plaintiff's additional appeal rights. Specifically, the letter informed plaintiff that he could request review before a qualified independent contractor ("QIC") within 180 days of his receipt of the decision. Plaintiff did not exercise this option, nor pursue any other administrative remedies before filing this case in 2025.

## DISCUSSION

Defendant's central argument is straightforward: plaintiff was required to exhaust all administrative remedies before seeking judicial review. Because plaintiff failed to do so, defendant argues, this court lacks jurisdiction to review plaintiff's claim under the provisions of 42 U.S.C. §§ 405(h), 1395ff, and 1395ii. Defendant recognizes that exceptions exist to the requirement to first exhaustion administrative remedies, and argues that none of these exceptions apply to plaintiff here.

In response, plaintiff concedes that he did not exhaust his administrative remedies, but the court should nevertheless waive the exhaustion requirement in his case. According to plaintiff, the original overpayment determination and redetermination process violated his due process rights because he was involved in criminal proceedings, including eventual incarceration, while these administrative processes were ongoing. Plaintiff argues that at the point in the administrative process where he could take the next step by filing a rebuttal, he was incarcerated and lacked access to records that would help him make his case. Plaintiff admits that the administrative review process continued beyond this point. He states that he received a

letter informing him that the overpayment determination had been upheld and of his additional appeal rights. Nevertheless, plaintiff's core contention is that the process that did take place was conducted without an opportunity to be heard. Thus, the remedy he seeks is not the appeal available via the review process, but rather that "Medicare re-open the investigation."

The court finds that it does not have jurisdiction over plaintiff's claim. Defendant brings a factual challenge to jurisdiction under Rule 12(b)(1). As the Seventh Circuit has explained, "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Apex Digital, Inc. v. Sears, Roebuck & Co., 572 F.3d 440, 444 (7th Cir. 2009) (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977)). Accordingly, the court has considered the evidence submitted by defendant in addition to the contents of the complaint. As always, the burden of establishing proper subject matter jurisdiction rests on the party asserting it. Muscarello v. Ogle Cnty. Bd. of Comm'rs, 610 F.3d 416, 425 (7th Cir. 2010). Here, plaintiff has failed to carry his burden to establish proper subject matter jurisdiction.

As both parties recognize, a federal court's jurisdiction to review Medicare reimbursement claims is governed by the "channeling" provisions of the Medicare Act. Specifically, the Medicare Act, at 42 U.S.C. § 1395ii, adopts certain provisions of the Social Security Act, including 42 U.S.C. § 405(h). That provision, as modified by § 1395ii, states that: "No findings of fact or decision of the [Secretary of Health and Human Services] shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C.

§§ 405(h), 1395ii. The phrase "as herein provided," refers in this context to Subchapter XVIII of Title 42, Chapter 7 of the U.S. Code. Subchapter XVIII contains, among other provisions, § 1395ff, which governs the administrative appeals process. That section permits "judicial review of the Secretary's final decision after such hearing as is provided in section 405(g) of this title." 42 U.S.C. § 1395ff(b)(1)(A). Section 405(g), in turn, provides that an individual may obtain judicial review of a final decision by the Secretary "made after a hearing to which [the claimant] was a party." In addition, § 405(h) bars actions against the United States or Secretary of Health and Human Services brought under federal question jurisdiction or the Federal Tort Claims Act. In summary, the court's jurisdiction to review Medicare related claims is strictly circumscribed by the provisions of the Medicare Act.

Because plaintiff has failed to obtain a final decision after a hearing—or, in other words, because he failed to exhaust administrative remedies—before seeking judicial review as required by §405(g), this court does not have jurisdiction over his claim. Review of a final decision after a hearing in accordance with § 405(g) "is the sole avenue for judicial review for all 'claims arising under' the Medicare Act." Heckler v. Ringer, 466 U.S. 602, 615 (1984). But the Secretary has not made a final decision after a hearing on plaintiff's claim. Defendant's denial of plaintiff's redetermination request does not constitute a final decision after a hearing. There was no hearing, and additional appeal process was available to plaintiff. Compare Smith v. Berryhill, 587 U.S. 471, 478–79 (2019) (holding, in the social security context, that "dismissal by the Appeals Council on timeliness grounds after a claimant has received an ALJ hearing on the merits qualifies as a 'final decision ... made after a hearing' for purposes of allowing judicial review under § 405(g)") with Califano v. Sanders, 430 U.S. 99 (1977) (holding that because "a petition to reopen a prior final decision may be denied without a hearing" it could not be

reviewed under § 405(g)).

Plaintiff's argument that he was unable to exhaust his administrative remedies due to his incarceration is unavailing. Plaintiff successfully undertook the initial steps of the appeal process, which led to his receipt of a letter on March 7, 2024, stating that his appeal decision was unfavorable and that he had 180 days to further appeal to a QIC. Plaintiff states that he was released from prison in March 2024. Thus, even if the court was convinced that plaintiff's incarceration excused him from the requirement of administrative exhaustion—an issue the court need not reach—plaintiff failed to exhaust his administrative remedies during a timeframe when he was not incarcerated.

Plaintiff's other line of argument—that this court should waive the administrative exhaustion requirement—also fails. Despite the seemingly categorical language of Heckler, that § 405(g) "is the sole avenue for judicial review for all 'claims arising under' the Medicare Act," the Supreme Court and lower courts have developed a parallel line of caselaw permitting waiver of the otherwise strict requirement of administrative exhaustion before judicial review. 466 U.S. at 615. This doctrine stems from the Supreme Court's statement in Mathews v. Eldridge, 424 U.S. 319, 330 (1976), that: "cases may arise where a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate."

In addition to the claimant's interest in prompt resolution, the administrative exhaustion waiver doctrine considers whether plaintiff "raises a colorable constitutional challenge," In Touch Home Health Agency, Inc. v. Azar, 414 F. Supp. 3d 1177, 1187 (N.D. Ill. 2019), and whether "the plaintiffs' suit involves a collateral attack rather than one on the merits." Johnson v. Sullivan, 922 F.2d 346, 352–53 (7th Cir. 1990). Nevertheless, the court need not reach these

additional considerations, because plaintiff fails to show a compelling interest in prompt judicial review. See e.g., Johnson, 922 F.2d at 352–53 (stating that "[w]aiver of the exhaustion requirement is appropriate only where… the plaintiffs' interest in prompt judicial review is so compelling that deference to the agency's determination is inappropriate"); Martin v. Shalala, 63 F.3d 497, 504 (7th Cir. 1995) (stating that waiver of the exhaustion requirement is appropriate where "the plaintiffs would suffer irreparable harm if required to move through the administrative procedure before obtaining relief").

Plaintiff fails to show why, at the time that he failed to exhaust available administrative remedies, he had a compelling interest in prompt judicial review such that it would have been inappropriate to permit the agency to make a final determination. As the court understands it, plaintiff's claim is that the redetermination process (the first level of administrative review) violated his due process rights because it was conducted without an opportunity to be heard.[1] As discussed above, it is uncontested that additional appeal rights were available to plaintiff and that he failed to pursue these rights. In addition to the QIC review that was available to plaintiff, further administrative review could have provided the relief that plaintiff requests. Crucially, the next step of the process after QIC review is an administrative law judge hearing, the quintessential opportunity to be heard. 42 C.F.R. §§ 405.1000(b) (providing that "[a]t the hearing, the parties may submit evidence…examine the evidence used in making the determination under review, and present and/or question witnesses").

Now, after failing to timely appeal the decision that he complains of, plaintiff argues that

[1] Plaintiff, the court believes, refers to the redetermination process, 42 C.F.R. §§ 405.940-405.958, as "the audit." It is also possible that "the audit" refers to the original overpayment decision. Regardless of which discrete administrative step plaintiff is referring to, the administrative appeal process, if conducted in accordance with the law, would have provided an opportunity for plaintiff to be heard. 42 C.F.R. §§ 405.1000-405.1064.

"[r]equiring full administrative exhaustion under these circumstances risks further irreparable business harm because it would essentially amount to no further appeal option and no judicial review." But the court cannot accept this post hoc rationale, because the unavailability of a further administrative appeal option or judicial review is a direct result of plaintiff's failure to act. If the court were to accept plaintiff's argument, future claimants could obtain judicial review by intentionally sitting on their administrative appeal rights. Ultimately, application of the exhaustion doctrine is "intensely practical." Bowen v. City of New York, 476 U.S. 467, 484 (1986). The court will not waive the exhaustion requirement in this case because the practical consequence of doing so would be to open the door to judicial review for every claimant who has allowed administrative deadlines to pass, thus frustrating the purpose of the Medicare Act's channeling provision. Cf. Califano, 430 U.S. at 108 (explaining, in the social security context, that "an interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose").

Plaintiff failed to exhaust available administrative remedies before filing suit in this court. Because this court may only review claims arising under the Medicare Act "after any final decision of the [Secretary of Health and Human Services] made after a hearing to which he was a party," 42 U.S.C. §§ 405(g) and 1395ii, and no such decision has been made on plaintiff's claim, the court lacks jurisdiction to review it. Consequently, the court grants the motion to dismiss for lack of jurisdiction.

## CONCLUSION

For the above reasons, defendant's motion to dismiss (Doc. 35) is granted.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE: August 28, 2026**